**SIGNED THIS: June 10, 2005**

_____
                 **GERALD D. FINES**
**UNITED STATES CHIEFBANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KNOBLOCH ENTERPRISES, INC., | ) Bankruptcy Case No. 04-92990 |
| d/b/a Sullivan Do It Best    Hardware, | ) |
| | ) |
| Debtor. | ) |
| | |
| MARSHA L. COMBS-SKINNER, | ) |
| Chapter 7 Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adversary No. 04-9090 |
| | ) |
| KNOBLOCH ENTERPRISES, INC., | ) |
| d/b/a Sullivan Do It Best Hardware; | ) |
| PAUL WILLIAM KNOBLOCH; | ) |
| SARA ANN TAYLOR KNOBLOCH; | ) |
| ATCHISON ELECTRIC, INC.; | ) |
| RICHARD ATCHISON; and | ) |
| MARY M. ATCHISON, | ) |
| | ) |
| Defendants. | ) |

OPINION

This matter having come before the Court on a Motion for Summary Judgment Against Defendants Atchison Electric, Inc., Richard Atchison, and Mary M. Atchison filed by Plaintiff/Trustee, and Defendants' Motion for Summary Judgment filed by Defendants,

Atchison Electric, Inc., Richard C. Atchison, and Mary M. Atchison; the Court, having heard arguments of counsel, reviewed written memoranda of the parties, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The parties have agreed that the material facts in this matter are not in dispute, and, as such, the matter can be decided on the cross motions for summary judgment filed by the parties. The material facts are, in pertinent part, as follows:

1. Richard Atchison and Mary M. Atchison are, and were at all times relevant hereto, husband and wife residing in Moultrie County, Illinois.

2. Richard Atchison and Mary M. Atchison owned real estate located at 1315 S. Hamilton Street, Sullivan, Illinois, legally described as:

> Tract A: Lots Two, Three, Four and Five of Sullivan Development Subdivision to the City of Sullivan, Illinois, as shown by the Plat recorded in Volume 9 of Plats at Page 136 in the Recorder's Office of Moultrie County, Illinois, except the west 215 feet of even width thereof.
>
> Tract B: The west 215 feet of even width of Lots Two, Three, Four and Five of Sullivan Development Subdivision of the City of Sullivan, Illinois, as shown by the Plat recorded in Volume 9 of Plats at Page 136 in the Recorder's Office of Moultrie County, Illinois.

3. Atchison Electric, Inc., is an Illinois corporation.

4. Richard Atchison is the President and duly authorized representative of Atchison Electric, Inc.

5. In January 2002, Atchison Electric, Inc., owned and operated Sullivan Do It Best located in Sullivan, Illinois.

6. In January 2002, Sullivan Do It Best was a retail business selling hardware and related items, leasing tools and equipment.

7. Paul Knobloch and Sarah Knobloch are, and were at all times relevant hereto, husband and wife residing in Moultrie County, Illinois.

8. Knobloch Enterprises, Inc., is an Illinois corporation.

9. Paul Knobloch is the President and duly authorized representative of Knobloch Enterprises, Inc.

10. On February 1, 2002, Atchison Electric, Inc., and Knobloch Enterprises, Inc., entered into an Agreement for Sale of Business.

11. On February 1, 2002, Knobloch Enterprises, Inc., purchased Atchison Electric, Inc.'s, interest in Sullivan Do It Best pursuant to the Agreement for Sale of Business.

12. Paragraph 5 of the Agreement for Sale of Business, stated, in part, that payment for the dollar value of the merchandise inventory shall be made at closing for the value of any merchandise inventory up to $250,000.

13. Paragraph 5 of the Agreement for Sale of Business, stated, in part, that the value and any inventory over $250,000 should be put into an account for Atchison Electric, Inc., by Knobloch Enterprises, Inc., as a credit to be reduced monthly by the amount of any purchases made by Atchison Electric, Inc., from Knobloch Enterprises, Inc.

14. On or about February 1, 2002, the value of any merchandise inventory over $250,000 was put into an account for Atchison Electric, Inc., by Knobloch Enterprises, Inc.

15. From time to time after February 1, 2002, Richard Atchison, on behalf of Atchison Electric, Inc., reduced the credit on account with Sullivan Do It Best and Knobloch Enterprises, Inc., by selecting items from inventory.

16. From time to time after February 1, 2002, Mary M. Atchison, on behalf of Atchison Electric, Inc., reduced the credit on account with Sullivan Do It Best and Knobloch Enterprises, Inc., by selecting items from inventory.

17. From time to time after February 1, 2002, employees of Atchison Electric, Inc., and authorized by Atchison Electric, Inc., reduced the credit on account with Sullivan Do It Best and Knobloch Enterprises, Inc., by selecting items from inventory.

18. Richard Atchison, on behalf of Atchison Electric, Inc., continued to reduce credit on account with Sullivan Do It Best and Knobloch Enterprises, Inc., by selecting items from inventory up to and including June 4, 2004.

19. After February 1, 2002, Richard Atchison and Atchison Electric, Inc., utilized the credit reduction payment method as provided in the said Agreement for Sale of Business.

20. Paragraph 5 of the Agreement for Sale of Business, stated, in part, that any credit remaining two years after closing shall be paid by Knobloch Enterprises, Inc., to Atchison Electric, Inc.

21. Mary M. Atchison did not demand payment from Knobloch Enterprises, Inc., or Paul Knobloch for the balance of the credited merchandise inventory account at any time after February 1, 2004, up to and including September 20, 2004.

22. Paragraph 10 of the Agreement for Sale of Business, stated that Knobloch Enterprises, Inc., was entering into a separate agreement with Richard Atchison and Mary M. Atchison for the purchase of 1315 S. Hamilton Street, Sullivan, Illinois.

23. On or about February 5, 2002, Richard Atchison, Mary M. Atchison, Paul Knobloch, and Sarah Knobloch entered into an Agreement for the Sale of Real Estate.

24. The Agreement for Sale of Real Estate was for the purchase of 1315 S. Hamilton Street, Sullivan, Illinois, and legally described as:

> Tract A: Lots Two, Three, Four and Five of Sullivan Development Subdivision to the City of Sullivan, Illinois, as shown by the Plat recorded in Volume 9 of Plats at Page 136 in the Recorder's Office of Moultrie County, Illinois, except the west 215 feet of even width thereof.

25. On or about February 5, 2002, Richard Atchison and Mary M. Atchison, as sellers, gave a Warranty Deed to Scott State Bank, as Trustee, under the provisions of the Trust Agreement dated the 5th day of February 2002, and known as Trust No. 219.

26. The Warranty Deed given by Richard Atchison and Mary M. Atchison, on or about February 5, 2002, was pursuant to the terms of the Agreement for Sale of Real Estate.

27. On or about February 5, 2002, Scott State Bank, as Trustee of Trust No. 291, Paul Knobloch, and Sarah Knobloch executed a promissory note and mortgage in favor of Richard Atchison and Mary M. Atchison. Richard Atchison and Mary M. Atchison fully and completely performed all acts required of them pursuant to the Agreement for Sale of Real Estate.

28. The real estate sold pursuant to the Agreement for Sale of Real Estate, 1315 S. Hamilton Street, Sullivan, Illinois, is located in the Tax Increment Financing district of the City of Sullivan, Moultrie County, Illinois.

29. Richard Atchison and Mary M. Atchison had entered into a Tax Increment Redevelopment Agreement for City of Sullivan with the City of Sullivan on March 10, 1997.

30. The Tax Increment Redevelopment Agreement for City of Sullivan, dated March 10, 1997, is the agreement controlling the Tax Increment Financing benefits in the Agreement for Sale of Business.

31. The Tax Increment Redevelopment Agreement for City of Sullivan, dated March 10, 1997, states three basic requirements for the Tax Increment Financing benefits to be paid to the qualifying owner/developer, and are as follows:

(a) The Illinois Business Identification Number of the business or businesses developed in the project (if applicable);

(b) A certified or verified copy of all sales tax reports filed by owner/developer or by developments occurring within the project area with the State of Illinois annually from January first through December thirty-first or more frequently if requested by City (if applicable); and,

(c) Certified copies of all 1990 real estate tax bills for the tax year 1989 on the property located in the project and, annually thereafter, certified copies of all paid real estate tax bills for the immediate preceding real estate tax year for the property in the project.

32. Paragraph 11A of the Agreement for Sale of Business stated that all Tax Increment Financing benefits attributed to tax increments on the real estate on January 1, 2002, or subsequent thereto, shall be allocated and distributed as follows: City of Sullivan 5%, Richard Atchison and Mary M. Atchison 10%, and Knobloch Enterprises, Inc., 85%.

33. Paragraph 11B of the Agreement for Sale of Business stated that all Tax Increment Financing benefits and all Economic Incentive Agreement benefits attributable to sale arising on January 1, 2002, or subsequent thereto on the real estate or from the business conducted thereon shall be allocated and distributed as follows: City of Sullivan 5%, Richard Atchison and Mary M. Atchison 45%, and Knobloch Enterprises, Inc., 50%.

34. Paragraph 11H of the Agreement for Sale of Business stated that, after closing, Atchison Electric, Inc., will sign any papers or documents necessary to transfer to Knobloch Enterprises, Inc., its rights and interests to any Tax Increment Financing benefits and/or Economic Incentive Agreement benefits allocated to Knobloch Enterprises, Inc., under this agreement.

35. Paragraph 11E of the Agreement for Sale of Business stated that Knobloch Enterprises, Inc., will furnish any information required by the City of Sullivan to qualify for Tax Increment Financing benefits and Economic Incentive Agreement benefits.

36. Knobloch Enterprises, Inc., did pay the real estate taxes due in 2003 for the immediate preceding real estate tax year for 1314 S. Hamilton, Sullivan, Illinois.

37. Paragraph 11G of the Agreement for Sale of Business stated that any party receiving payment from the City of Sullivan of Tax Increment Financing benefits and/or Economic Incentive Agreement benefits shall, within 30 days after receipt thereof, make distribution to the appropriate person(s) to accomplish the allocation and division set forth in the agreement.

38. On or about June 28, 2004, the City of Sullivan paid Tax Increment Financing benefits to Richard Atchison and Mary M. Atchison in the sum of $14,053.

39. The Tax Increment Financing benefits paid to Richard Atchison and Mary M. Atchison by the City of Sullivan on or about June 28, 2004, in the amount of $14,053, were Tax Increment Financing benefits attributed to tax increments on the real estate which accrued after January 1, 2002.

40. Upon receipt of the Tax Increment Financing benefits, or at any time thereafter, Richard Atchison and Mary M. Atchison did not make distribution to Knobloch Enterprises, Inc., to accomplish the allocation and division set forth in the Agreement for Sale of Business.

41. On or about June 28, 2004, the City of Sullivan paid Economic Incentive benefits to Richard Atchison and Mary M. Atchison in the sum of $6,151.

42. The Economic Incentive benefits paid to Richard Atchison and Mary M. Atchison by the City of Sullivan on or about June 28, 2004, in the amount of $6,151, were Tax Increment Financing benefits and Economic Incentive Agreement benefits attributable to sales transacted from the business conducted at 1315 S. Hamilton Street, Sullivan, Illinois, which occurred subsequent to January 1, 2002.

43. Upon receipt of the Economic Incentive funds, or at any time thereafter, Richard Atchison and Mary M. Atchison did not make distribution to Knobloch Enterprises, Inc., to accomplish the allocation and division set forth in the Agreement for Sale of Business.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy procedure 7056. Rule 56(c) reads in part:

> (T)he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); See Donald v. Polk County, 836 F.2d 376, 378-379 (7th Cir. 1988).

The United States Supreme Court has issued a series of cases which encourage the use of summary judgment as a means of disposing of factually unsupported claims. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348 (1986). "The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute." Farries v. Stanadyne/Chicago Div., 832 F.2d 374, 378 (7th Cir. 1987) (quoting Wainwright Bank & Trust Co. v. Railroadmens Federal Savings & Loan Ass'n, 806 F.2d 146, 149 (7th Cir. 1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. Anderson, 477 U.S. at 256, 106 S.Ct. at 2514. There is no genuine issue for trial if the record, taken as a whole, does not lead a rational trier of fact to find for the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250, 106 S.Ct. at 2511.

Resolution of the issues before the Court in this matter are controlled by the Agreement for Sale of Business entered into between the parties. The Court finds that the terms of the Agreement for Sale of Business are clear and unambiguous. In particular, paragraph 11H is controlling. Pursuant to paragraph 11H of the Agreement, any rights that Knobloch Enterprises, Inc., Paul Knobloch, or Sara Knobloch would have had in Tax Increment Financing benefits and/or Economic Incentive Agreement benefits reverted to the Defendants upon the default of Knobloch Enterprises, Inc. to pay for remaining inventory as required by the Agreement. It is clear that, at the time the benefits in question were paid to Defendants, the Debtor had failed to pay the balance due for the inventory under the Agreement. This failure was a default. The Agreement does not require any of the Defendants in this adversary proceeding to make a demand for payment or to declare a default against Knobloch Enterprises, Inc. in order for the provisions of paragraph 11H of

8

the Agreement for Sale of Business to become effective. There is no question that there was a default by Knobloch Enterprises, Inc. under the Agreement. As such, the interest of Knobloch Enterprises, Inc. in the Tax Increment Financing benefits and the Economic Incentive Agreement benefits reverted to Defendants, Atchison Electric, Inc., Richard Atchison, and Mary M. Atchison. Thus, summary judgment must be granted in favor of Defendants, Atchison Electric, Inc., Richard Atchison, and Mary M. Atchison.

In addition to finding that recovery by Plaintiff is precluded by the contract default of Knobloch Enterprises, Inc., the Court also finds that, pursuant to 11 U.S.C. §553, Defendant, Atchison Electric, Inc., is entitled to set off the debt owed to it by Knobloch Enterprises, Inc. under the Agreement for Sale of Business against the debt which Plaintiff/Trustee has raised under the Agreement for Sale of Business as to Tax Increment Financing benefits and Economic Incentive Agreement benefits. Thus, had the Court been unable to find a default triggering the provisions of paragraph 11H, of the Agreement for Sale of Business, judgment would be entered in favor of Defendant, Atchison Electric, Inc., as a result of the right of set off.

###